FREDERICKA HOMBERG WICKER, Judge.
| ¡¿Defendant appeals his guilty plea conviction and sentence for armed robbery with a firearm in violation of La. R.S. 14:64 and 14:64.3. For the following reasons, we affirm defendant’s conviction. However, because we find that the trial judge imposed an indeterminate sentence, we vacate defendant’s sentence and remand this matter to the trial court for resentencing.

STATEMENT OF THE CASE

On February 25, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jerry Lee, with armed robbery with a firearm in violation of La. R.S. 14:64 and La. R.S. 14:64.3. On October 17, 2013, defendant pled guilty as charged and was sentenced to “a total of fifteen years” imprisonment without the benefit of probation, parole, or suspension of sentence. The trial judge ordered that defendant’s sentence be served concurrently with any other sentence he was serving at that time.

UFACTUAL BACKGROUND

Defendant pled guilty without proceeding to trial, but agreed to the following factual basis during his guilty plea colloquy:
[0]n February 7, 2011[ ] Jerry Lee ... did commit the armed robbery of Marin-da Conner[1] while armed with a dangerous weapon, in this case, a firearm.

DISCUSSION

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990)[2], defendant’s appointed appellate counsel filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he had thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Upon an independent review of the record, this Court discovered a sentencing error, denied counsel’s motion to withdraw, and ordered counsel to file an appellate brief addressing certain inconsistencies surrounding defendant’s sentencing.
*1217 Counsel subsequently filed an appellate brief on behalf of defendant. In his appellate brief, defendant does not challenge the validity of his guilty plea. Rather, defendant asserts that all parties understood the agreement between the state and defendant — ’that defendant would plead guilty to armed robbery with a firearm in violation of La. 14:64 and 14:64.3 and receive a ten-year sentence for his armed robbery conviction under La. R.S. 14:64 and an additional, consecutive, five-year sentence for his use of a firearm during the armed robbery pursuant to La. R.S. 14:64.3. In exchange for the plea, the state agreed not to file a multiple offender bill against defendant.
|4In his appellate brief, defendant assigns as error only the trial court’s failure to impose a separate, five-year sentence under La. R.S. 14:64.3. For the following reasons, we find that defendant’s guilty plea was valid, knowing, and voluntary, and we affirm defendant’s conviction for armed robbery with a firearm. However, because the trial judge failed to impose the separate, mandatory, five-year sentence .for use of a firearm as required under La. R.S. 14:64.3, we vacate defendant’s sentence and remand the matter for resentencing.
As a general proposition, the validity of a guilty plea turns on whether the defendant was informed of three fundamental constitutional rights — his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers — and whether, having been informed of those rights, the defendant knowingly and voluntarily waived them. State v. Farinas, 09-396 (La.App. 5 Cir. 11/24/09), 28 So.3d 1132, 1139-1140; State v. Juniors, 03-2425 (La.6/29/05), 915 So.2d 291, cert. denied, Juniors v. Louisiana, 547 U.S. 1115, 126 S.Ct. 1940, 164 L.Ed.2d 669 (2006), citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), State v. Jones, 404 So.2d 1192, 1196 (La.1981), and State ex rel Jackson v. Henderson, 260 La. 90, 103, 255 So.2d 85, 90 (1971). Further, a plea cannot be considered voluntary without notice of the essential nature of the charge or charges. See State ex rel. Halvorsen v. Blackburn, 388 So.2d 806, 807 (La.1980), quoting Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257-58, 49 L.Ed.2d 108 (1976).
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.[3] | ¡State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. In such a case, the defendant has been *1218 denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La.1984).
The record reflects that defendant was advised of his rights and that he knowingly and voluntarily waived those rights. Defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, supra. Defendant was advised of these rights by means of the waiver of rights form, which he signed, and during the colloquy with the trial judge.
Further, we find that the record reflects defendant was aware of the nature of the charge against him. First, the bill of information filed properly charged defendant with armed robbery with a firearm in violation of La. R.S. 14:64 and La. R.S. 14:64.3. As required, the bill of information clearly, concisely, and definitely states the essential facts constituting the offense charged and sufficiently identifies defendant and the crime charged. See La. C.Cr.P. arts. 464-466. Second, the transcript from the guilty plea proceeding further reflects that defendant was advised of the nature of the charge against him. The transcript reflects that, prior to accepting the guilty plea, the trial judge asked defendant if he agreed to the factual basis for the plea provided by the state, to which he responded affirmatively. Further, during the guilty plea colloquy, the trial judge asked [ ^defendant if he understood the nature of the charge against him, to which he responded affirmatively.
Additionally, the minute entries reflect that defendant and his counsel appeared for his guilty plea proceeding and his sentencing. When a defendant is represented by counsel, the trial court accepting his guilty plea may presume that counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks him to admit. State v. Farinas, 28 So.3d at 1140-41.
Upon our review of the record, we find defendant’s plea was knowing and voluntary. Therefore, we find that the trial court did not err in accepting defendant’s plea and we affirm defendant’s conviction for armed robbery with a firearm in violation of La. R.S. 14:64 and La. R.S. 14:64.3.
However, for the following reasons, we find that the trial judge imposed an indeterminate sentence. During the guilty plea colloquy, the following took place:
Trial Judge:
And it is your understanding that if the Court accepts your plea of guilty in this matter, you’ll be sentences [sic] to ten years Department of Corrections for the armed robbery, five years Department of Corrections relative to the enhancement for the firearms for a total of fifteen years? That sentence will run consecutive to each other and the sentence will run, also run concurrently with any other sentence that you’re presently serving, and the State has agreed not to file a multiple bill against you; is that your understanding, sir?
Defendant:
Yes, Sir.
During the guilty plea colloquy, the trial judge informed defendant that he would receive a ten-year sentence for his armed robbery conviction in addition to a separate, consecutive, five-year sentence under La. R.S. 14:64.3. However, when the trial judge actually sentenced defendant, he failed to impose a separate, five-] 7year sentence under La. R.S. 14:64.3. Rather, the *1219 trial judge simply sentenced defendant to “a total of fifteen years” imprisonment. We find that the trial court’s failure to impose a separate, five-year sentence as required under La. R.S. 14:64.3 renders the sentence indeterminate. See State v. Long, 11-313 c/w 11-314 (La.App. 5 Cir. 12/13/11), 81 So.3d 875, 881. Accordingly, we vacate defendant’s sentence and remand this matter for resentencing.

ERRORS PATENT DISCUSSION

We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
The record reflects that defendant was not properly arraigned. However, defendant waived any irregularity in the arraignment or lack thereof by pleading guilty. La.C.Cr.P. art. 555 provides that any irregularity in the arraignment is waived if the defendant pleads to the indictment without objecting thereto. In the instant case, we find that the failure to arraign defendant represented an irregularity that was waived upon defendant’s entry of a guilty plea without objection. See State v. Clofer, 11-494 (La.App. 5 Cir. 11/29/11), 80 So.3d 639, 643; State v. Ellison, 12-910 (La.App. 5 Cir. 6/27/13), 121 So.3d 139, 147. Thus, no corrective action is necessary.
The record further reflects that the waiver of rights form executed by defendant provides that defendant pled guilty to “armed robbery with a firearm” but inadvertently lists only the La. R.S. 14:64.3 statutory citation for use of a firearm and omits the La. R.S. 14:64 citation for armed robbery. We find that the waiver of rights form properly apprised defendant of the nature of the crime to which he pled guilty and that the statutory citation omission did not result in prejudice to defendant. Therefore, we find the omission of the statutory citation to |sbe harmless under the facts of this case. Thus, no corrective action is necessary. See State v. Sam, 11-470 (La.App. 5 Cir. 2/14/12), 88 So.3d 587, 590.

CONCLUSION

Accordingly, for the reasons provided herein, we affirm defendant’s conviction for armed robbery with a firearm in violation of La. R.S. 14:64 and La. R.S. 14:64.3. However, because we find that the trial judge imposed an indeterminate sentence, we vacate defendant’s sentence and remand this matter to the trial court for resentencing.

CONVICTION AFFIRMED: SENTENCE VACATED: REMANDED

. The bill of information names the victim as Larinda Connor.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. The record reflects that defendant filed various pre-trial motions that the trial judge failed to rule upon prior to defendant's guilty plea proceeding. Nevertheless, when a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Further, no rulings were preserved for appeal under State v. Crosby, 338 So.2d 584 (La.1976).