GRAVOIS, J.
Defendant, Keithen D. Nelson, appeals his conviction and sentence of armed robbery with a firearm, in violation of La. R.S. 14:64 and 14:64.3. Specifically, defendant argues that the trial court erred in denying his motion to suppress statement because the evidence showed that he was too intoxicated to waive his right to remain silent. For the reasons that follow, we affirm defendant's conviction, vacate his sentence, and remand for resentencing.
PROCEDURAL HISTORY
On March 12, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant, Keithen D. Nelson, with first degree robbery, in violation of La. R.S. 14:64.1.[1] On that same date, defendant pled not guilty at his arraignment. On March 13, 2015, defendant filed omnibus motions, including motions to suppress statement and evidence.
On February 18, 2016, the State filed a superseding bill of information amending the charge to armed robbery with a firearm, in violation of La. R.S. 14:64 and La. R.S. 14:64.3,[2] and defendant entered a plea of not guilty. On that same date, the trial court heard defendant's motion to suppress evidence, but held the hearing open for testimony on the motion to suppress statement. On March 28, 2017, defendant filed a pro se motion to suppress evidence.[3] On April 26, 2017, the trial court resumed the February 18, 2016 hearing and heard defendant's motion to suppress statement. At the hearing's conclusion, the trial court denied defendant's motions to suppress evidence and statement.
On August 29, 2016, defendant filed a motion seeking the appointment of a sanity commission to determine his competency *686 to proceed to trial. On October 12, 2016, after considering the opinion of the appointed sanity commission, the trial court found defendant competent to proceed to trial.
On August 14, 2017, defendant withdrew his plea of not guilty and pled guilty as charged to armed robbery with a firearm[4] under North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). After defendant waived delays, the trial court sentenced him to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence, to run concurrently with the sentences in district court case numbers 15-461 and 15-462.[5]
Nearly one month later, on September 12, 2017, defendant filed a "Motion for Reconsideration of Sentence" under La. C.Cr.P. art. 881.1, advising the trial court that he had intended to enter his plea under State v. Crosby , 338 So.2d 584 (La. 1976). On September 15, 2017, following a hearing, the trial court advised defense counsel that it would grant the motion for reconsideration of sentence.
On September 16, 2017, defendant filed a "Motion and Order for Appeal Pursuant to State vs. Crosby ," noting his right to appeal the April 26, 2017 denial of the motions to suppress evidence, statement, and identification.[6] On September 18, 2017, the trial court issued an "Order Amending Commitment and Sentence," wherein it granted defendant's motion for reconsideration of sentence and ordered that the sentence and commitment be amended solely to reflect that defendant's right to timely appeal under Crosby be "reserved unto him commencing on the date of this order." Also, on September 18, 2017, defendant's motion for appeal pursuant to Crosby was granted. Defendant's appeal followed.
FACTS
As defendant pled guilty, the facts were not fully developed at trial. However, the superseding bill of information alleged that on or about January 9, 2015, defendant violated La. R.S. 14:64 and La. R.S. 14:64.3 by robbing Chen Yizi and/or Irene Yu while armed with a firearm in Jefferson Parish. No factual basis was provided during the guilty plea proceeding.[7]
*687 ANALYSIS
Defendant seeks this Court's review of the denial of the motion to suppress statement pursuant to State v. Crosby , supra . The State argues in response that the present appeal is untimely and defendant's assigned error is procedurally barred from review.
La. C.Cr.P. art. 881.1(A)(1) provides, in pertinent part: "In felony cases, within thirty days following the imposition of sentence ... the defendant may make or file a motion to reconsider sentence." La. C.Cr.P. art. 914(B)(2) provides that a motion for appeal must be made no later than thirty days from a ruling on a motion to reconsider sentence. On the other hand, when a motion to reconsider is not filed, La. C.Cr.P. art. 914(B)(1) provides that the motion for appeal must be made no later than thirty days after the rendition of the judgment or ruling from which an appeal is taken.
Here, defendant was sentenced on August 14, 2017. He filed a motion for reconsideration of sentence on September 12, 2017, which was within thirty days of the imposition of his sentence. Defendant's motion and order for appeal pursuant to Crosby was filed on September 16, 2017. After defendant's motion to reconsider was granted orally on September 15, 2017, his motion for appeal was granted on September 18, 2017.
In the motion for reconsideration of sentence, defense counsel asserted that on the morning of the guilty plea proceeding, defendant informed him in court that he wanted to enter a "Bill Cosby Plea." When further questioned by defense counsel, defendant indicated that he wanted to "deny [his] guilt." Defense counsel informed defendant that no such plea existed, but defendant could deny his factual guilt pursuant to North Carolina v. Alford , supra . Defense counsel averred that upon further reflection, he believed defendant had been referring to a Crosby plea and sought to reserve his right to seek review of any adverse pretrial rulings. Therefore, defense counsel requested that the trial court "strike" defendant's sentence and "resentence him solely as to the reservation of his right to appeal any adverse rulings by the District Court pursuant to the provisions of State Louisiana [sic] v. Crosby."
Following a hearing, on September 18, 2017, the trial court issued an "Order Amending Commitment and Sentence," wherein it granted defendant's motion for reconsideration of sentence and ordered that defendant's sentence and commitment be amended solely to reflect defendant's right to appeal to this Court pursuant to Crosby and such right was "reserved unto him commencing on the date of this order."
Upon review, we find that defendant's motion for reconsideration did not actually challenge the term or nature of his sentence. Further, no term of defendant's sentence was amended, and his original sentence remained intact. The caption or heading of a pleading does not control, and the Court is obligated to ascertain the substance of the pleading. State ex rel. Wright v. State , 15-2328 (La. 3/24/16), 188 So.3d 1019, 1021 (per curiam ). Thus, in reviewing the substance of the pleading, rather than its caption, we find that defendant's motion was not a properly filed motion for reconsideration, and therefore, *688 the time period for appealing provided in La. C.Cr.P. art. 914(B)(1) should apply. Accordingly, defendant's motion for appeal was untimely filed as it was filed more than thirty days from the imposition of his sentence.
Nevertheless, in the interest of judicial economy and to avoid useless delay, we will entertain defendant's appeal, noting that he could be entitled to reinstatement of his appellate rights pursuant to State v. Counterman , 475 So.2d 336 (La. 1985).[8]
ASSIGNMENT OF ERROR NUMBER ONE
In his only assignment of error, defendant seeks this Court's review of the denial of his motion to suppress statement pursuant to Crosby . He argues that he was intoxicated at the time he gave his January 9, 2015 verbal statement to the Kenner Police Department rendering his statement involuntary. Defendant requests that this Court reverse the trial court's denial of his motion to suppress statement and vacate his guilty plea and sentence.
In response, the State contends that the denial of the motion to suppress is not properly before this Court because the trial court was without authority to "amend" defendant's guilty plea. It avers that defendant's plea agreement was a contract between defendant and the State, and the trial court's amendment of the nature of the plea was done contrary to the parties' intentions at the time of the plea.[9] It further asserts that defendant did not reserve his right to seek review of any pretrial ruling at the time of the plea. Although defendant inquired about the "Bill Cosby Act," the State suggests that this was not sufficient to reserve defendant's right to review the motion to suppress statement under Crosby .
A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Raines , 00-1942 (La. App. 5 Cir. 5/30/01), 788 So.2d 630, 632. However, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. Crosby , supra ; State v. King , 99-1348 (La. App. 5 Cir. 5/17/00), 761 So.2d 791, 793, writ denied , 00-1824 (La. 6/29/01), 794 So.2d 822. Under Crosby , a defendant may reserve his right to appeal a prior adverse ruling of the trial court. State v. Richardson , 09-714 (La. App. 5 Cir. 2/9/10), 33 So.3d 903, 906, writ *689 denied , 10-0526 (La. 10/15/10), 45 So.3d 1109.
In the present case, as shown below, at the time of acceptance of defendant's guilty plea, the record is clear that defendant pled guilty pursuant to Alford and not to Crosby . At the beginning of the guilty plea proceeding held on August 14, 2017, defense counsel indicated that defendant was pleading guilty to the charge of armed robbery with a firearm under Alford , supra , as "there is a denial of guilt." The waiver of rights form executed by defendant contains a handwritten notation that defendant's plea was under Alford , and the original minute entry/commitment includes that defendant pled guilty to armed robbery with a firearm under Alford .
At the beginning of the colloquy, defendant indicated that he had a question for the trial court. The following exchange occurred:
Defendant: "I would like to ask, dealing with the-the situation with the-with the Bill Cosby (phonetically spelled) Act, how would that go as far as dealing with the guilty plea?"
The Court: "What, the Alford Plea?"
Defendant: "Yeah; yes, sir."
The Court: "Well it's-you're just-you're not going to admit your guilt."
Defendant: "Right."
The Court: "Okay? You're going to maintain all of your rights; it's just going to be a plea under an Alford Plea."
Defendant: "Alright. Then, also with the-me and Somoza [defense counsel] had come to some type of agreement in forms and fashion of a-a drug program in-"
Defense counsel: "I-I was going to ask for that at the-after sentencing, Your Honor. We were going to ask for the-that Your Honor recommend Mr. Nelson for the Steve Hoyle Substance Abuse Program at the Bossier Parish Correctional Facility, which I believe he does qualify for. And any and [sic] other self-help, or self-improvement programs for which he would be qualified.
The Court: Okay. I always do the self-help. And we'll go over that when we go through the plea.
After the colloquy with defendant, the trial court accepted defendant's plea of armed robbery with a firearm[10] and imposed defendant's sentence. The guilty plea proceeding was concluded.
Defendant never stated during the colloquy or in the waiver of rights form that he wanted to preserve his right to appeal any specific adverse ruling of the court.[11] This Court has consistently held that a defendant's failure to reserve the right to appeal under Crosby at the time he enters his guilty plea precludes his right to appeal the trial court's ruling on a motion to suppress. See State v. Landry , 02-1242 (La. App. 5 Cir. 4/29/03), 845 So.2d 1233, writ denied , 03-1684 (La. 12/19/03), 861 So.2d 556. Although defendant inquired about the "Bill Cosby Act" during the colloquy and defense counsel urged that this indicated defendant's intention to reserve review of his motion to suppress, we find rather that the record supports that defendant *690 intended to enter his plea in accordance with Alford .[12]
Accordingly, under the particular facts and circumstances of this case, we find that defendant's singular mention of a "Bill Cosby Act" was not sufficient to reserve his right to seek review of the ruling, and thus defendant failed to reserve the right to appeal the denial of the motion to suppress his statement under Crosby .[13] As such, defendant has waived his right to appellate review of the denial of the motion to suppress his statement based on intoxication. We thus decline to address the merits of this assignment of error.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
Upon review, we find that the trial court imposed an indeterminate sentence for defendant's conviction of armed robbery with a firearm. La. R.S. 14:64 provides that "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." Additionally, the firearm enhancement statute, La. R.S. 14:64.3, provides for an additional penalty of five years imprisonment without benefits, to be served consecutively to the sentence imposed under La. R.S. 14:64, when a dangerous weapon is used in the commission of the crime of armed robbery.
The superseding bill of information indicates that the State amended the charge to armed robbery with a firearm, in violation of La. R.S. 14:64 and La. R.S. 14:64.3, and defendant pled guilty as charged. The waiver of rights form provides that defendant would receive a twenty-year sentence at hard labor for "14:64.3 armed robbery." During the guilty plea colloquy, the trial court informed defendant that in district court case number 15-570, "with the *691 armed robbery enhancement," defendant would receive a sentence of twenty years at hard labor without the benefit of probation, parole, or suspension of sentence to run concurrently with the sentences in district court case numbers 15-461 and 15-462. When sentencing defendant, the trial judge stated as "already discussed ... for armed robbery, it'll be twenty years at hard labor." Defendant pled guilty to armed robbery with a firearm, but it is unclear from the record whether the five-year enhancement penalty was included as part of the twenty-year sentence. Accordingly, we find that the trial court's failure to clearly impose a separate, five-year sentence as required under La. R.S. 14:64.3 renders the sentence indeterminate. See State v. Lee , 15-108 (La. App. 5 Cir. 6/30/15), 171 So.3d 1214, 1218-19.
Because we find the sentence imposed to be indeterminate, we vacate the sentence and remand this matter for defendant to be resentenced in accordance with law and his negotiated plea agreement, particularly for clarification of whether defendant's twenty-year sentence included the additional five-year punishment provided under La. R.S. 14:64.3. Additionally, in the event the trial court determines that the five-year enhancement was not included in defendant's twenty-year sentence, then we find it necessary to reserve defendant's right to withdraw his guilty plea because the five-year firearm enhancement was evidently part of his negotiated twenty-year plea agreement.
CONCLUSION
For the foregoing reasons, defendant's conviction is affirmed. Defendant's sentence is vacated, and the case is remanded to the trial court for resentencing in conformity with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING

The present appeal, 17-650, is a companion to appeal number 17-634. Both appeals involve defendant, but for different convictions stemming from the same incident. The present appeal pertains to district court case number 15-570, while 17-634 pertains to district court case number 15-461.

The original bill of information also charged Shamika M. Brooks with first degree robbery, but Ms. Brooks was removed as a co-defendant in the superseding bill.

In this motion, defendant argued that the evidence, whether physical "or any form of statement or confession," was unlawfully seized.

Defendant simultaneously pled guilty to the charge of possession of cocaine in district court case number 15-461. He also pled guilty to misdemeanor possession of marijuana, first offense, in district court case number 15-462. Defendant does not seek this Court's review of the possession of marijuana conviction and sentence.

The trial court also recommended any and all self-help programs to defendant, specifically the Steven Hoyle's Substance Abuse Center at Bossier City Correctional.

Although a motion to suppress identification was filed as part of defendant's omnibus motions, such a motion was never argued during the suppression hearings. When the trial court does not hear or rule on a pretrial motion, and the defendant does not object prior to pleading guilty, the motion is considered waived. State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

A plea accompanied by a claim of innocence is an Alford plea and puts the trial court on notice that it must ascertain a factual basis to support the plea. State v. Orman , 97-2089 (La. 1/9/98), 704 So.2d 245. In a case involving a bona fide Alford plea, the record must contain "strong evidence of actual guilt." Alford , 400 U.S. at 37, 91 S.Ct. at 167. This Court has recognized that where there is an Alford plea, "constitutional due process requires the record to contain 'strong evidence of actual guilt.' " State v. Bailey , 94-76 (La. App. 5 Cir. 6/28/94), 639 So.2d 860, 864. A review of the record fails to indicate that the State presented a factual basis for defendant's plea during the colloquy. Nevertheless, we find that the suppression transcripts which are part of the record on appeal contain strong evidence of defendant's actual guilt. Defendant voluntarily spoke with detectives and informed them that he committed armed robbery of the Imperial Garden Restaurant because he owed money to drug dealers. Ms. Brooks also later gave a statement admitting to her and defendant's involvement in the armed robbery and that a gun was used therein.

After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. The appropriate procedural vehicle for a defendant to exercise his right to appeal, after the delay provided by Article 914 has expired, is an application for post-conviction relief. State v. Counterman , 475 So.2d at 338-39. La. C.Cr.P. art. 930.8 provides time limitations for filing an application for post-conviction relief, including applications which seek an out-of-time appeal. Such applications shall not be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922 (finality of judgment on appeal), unless certain exceptions apply. See La. C.Cr.P. art. 930.8(A).

A plea bargain is a contract between the State and one accused of a crime. State v. Roberts , 07-493 (La. App. 5 Cir. 11/27/07), 973 So.2d 791, 794. However, the First Circuit has held that the right of the defendant to condition his plea upon the reservation for appellate review of pre-plea errors is subject to acceptance by the trial court rather than the State. State v. Gillis , 07-1909 (La. App. 1 Cir. 3/26/08), 985 So.2d 745, 747, writ denied , 08-0868 (La. 5/14/08), 980 So.2d 698.

At the time the plea was accepted, the trial court did not restate that defendant's plea was pursuant to Alford .

Defendant expressly acknowledged that he was waiving his right to appeal. Both on the waiver of rights form and during the colloquy with the trial judge, defendant waived his right to appeal any verdict of guilty that might be returned at trial.

Further, it is noted that during pretrial proceedings and at the time of the colloquy, defendant, who was quite verbose, continually maintained his innocence.

Compare State v. Jenkins , 02-161 (La. App. 5 Cir. 9/30/03), 857 So.2d 1185, 1187, writ denied , 04-2533 (La. 11/28/05), 916 So.2d 130, where the defendant argued that the trial judge erred in denying his motion to suppress statement because the State failed to prove that he was advised of his Miranda rights. This Court first acknowledged the State's contention that the defendant was precluded from raising the issue in the assignment of error because he pled guilty without reserving his right to appeal any adverse pre-plea rulings pursuant to Crosby . This Court noted that the defendant did not originally plead guilty pursuant to Crosby , but subsequent to his guilty pleas, moved the court to amend a minute entry to reflect that the guilty pleas had been entered pursuant to Crosby . The prosecutor said that the State did not have an objection to the amendment and recognized that the co-defendant in the matter had already entered a Crosby plea and that he would have expected any defendant entering a plea in the matter to enter a Crosby plea. As such, the trial judge granted the defendant's motion to amend the minute entry. This Court found that since the State agreed to the amendment of the minute entry, there was no merit to its argument that the defendant was precluded from raising issues relating to the motion to suppress on appeal and considered the merits of the defendant's suppression argument. Here, the record does not reflect that the State agreed to the trial court's "Order Amending Commitment and Sentence," wherein it granted defendant's motion to reconsider sentence and ordered that defendant's sentence and commitment be amended solely to reflect defendant's right to appeal to this Court pursuant to Crosby and such right was "reserved unto him commencing on the date of this order."