LILJEBERG, J.
Defendant, Lawrence Williams, appeals his convictions and sentences for two counts of armed robbery with a firearm. For the following reasons, we affirm defendant's convictions, vacate his sentences and remand with instructions. We also grant appellate counsel's motion to withdraw as attorney of record for defendant.
FACTUAL AND PROCEDURAL HISTORY
On February 9, 2017, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of armed robbery with a firearm in violation of La. R.S. 14:64 and La. R.S. 14:64.3(A). On the following date, defendant was arraigned and entered pleas of not guilty. On July 18, 2017, defendant filed an untitled pleading seeking the appointment of a sanity commission to determine his competency to proceed to trial, which the trial court granted that same day.
*596 On July 26, 2017, the trial court found defendant competent to proceed based upon the opinion of the sanity commission. Also on that date, defendant withdrew his pleas of not guilty and entered pleas of guilty as charged. Upon the trial court's request, the State presented a factual basis for the pleas. The State asserted that if it were to proceed to trial, it would prove beyond a reasonable doubt that on or about January 10, 2017, within Jefferson Parish, defendant violated La. R.S. 14:64.3 by robbing James Rigney and Reynolds Rigney while armed with a dangerous weapon, a firearm. After accepting his pleas, the trial court sentenced defendant in accordance with the plea agreement to twenty years at hard labor without the benefit of parole, probation, or suspension of sentence on each count with the sentences to run concurrently. The State agreed not to file a habitual offender bill against defendant.
On March 1, 2018, defendant filed an application for post-conviction relief seeking an out-of-time appeal in accordance with State v. Counterman , 475 So.2d 336 (La. 1985). On March 9, 2018, the trial court dismissed defendant's application for post-conviction relief without prejudice and granted his motion for an out-of-time appeal.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 and 95-930 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that he thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In Jyles , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the *597 record to determine whether the appeal is wholly frivolous. Bradford , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
DISCUSSION
Defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel avers there are no appealable issues that would support a direct appeal in this case. He asserts that the bill of information properly charged defendant, contained the date of the offenses and the signature of the district attorney, and there were no pre-trial hearings held. He states that a competency proceeding was held, and the trial court found defendant competent to proceed. He asserts that after defendant decided to plead guilty, the trial court questioned defendant regarding his mental competency, his education, and his understanding of the sentences he was agreeing to serve. Appellate counsel states that defendant affirmatively answered each of the trial court's questions. He notes that defendant was advised of the constitutional rights he was waiving by entering his pleas of guilty, his waiver of those rights was done freely and voluntarily and defendant was able to confer with trial counsel. Appellate counsel contends the trial court sentenced defendant based on the terms and the conditions of the plea agreement, and the State chose not to file a habitual offender bill.
Appellate counsel filed a motion to withdraw as attorney of record which states that after a conscientious and thorough review of the record, he can find no non-frivolous issues to raise on appeal and no rulings that would arguably support an appeal. Additionally, this Court sent defendant a letter by certified mail informing him that his counsel filed an Anders brief and that he had until June 7, 2018, to file a pro se supplemental brief. On May 21, 2018, defendant filed a Motion for Extension of Time and Use of the Appellate Record with this Court, seeking an extension of time in which to prepare his brief and for this Court's Clerk of Court to furnish him with a copy of the appellate record. On May 22, 2018, this Court's Clerk of Court issued an order for the appellate record to be sent to defendant and granted him until June 25, 2018, to file a pro se supplemental brief. Defendant did not file a supplemental brief with this Court.
The State agrees with appellate counsel that this case presents no non-frivolous issues for appellate review and that his motion to withdraw should be granted. The State argues that appellate counsel complied with the procedures set forth in Anders and Jyles , supra , and that defendant voluntarily and intelligently entered his pleas of guilty and defendant's sentences should be upheld.
An independent review of the record supports appellate counsel's assertion that no non-frivolous issues exist to raise on appeal, except, as discussed more fully below, upon conducting an error patent review, we find defendant received indeterminate sentences, which require us to vacate his sentences and remand for resentencing. Otherwise, the bill of information properly charged defendant, plainly and concisely stated the essential facts *598 constituting the offenses charged, and sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 463 - 466. The minute entries reflect that defendant and his counsel appeared at all crucial stages of the proceedings against him.
In addition, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, which precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects were waived. No rulings were preserved for appeal under the holding in State v. Crosby , 338 So.2d 584, 588 (La. 1976).
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, when the Boykin[2] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that plea bargain is not kept. The record reveals no irregularities in defendant's guilty pleas.
The trial court properly advised defendant of his Boykin rights. The transcript of the colloquy and the waiver of rights form reflect that defendant was advised of his right to a jury trial, his right to confront and cross-examine his accusers and witnesses against him and to call witnesses on his behalf, his privilege against self-incrimination and his waiver of those rights by pleading guilty. In the waiver of rights form, defendant initialed next to the advisal of each of these rights and indicated his understanding that he was waiving those rights. He agreed that he reviewed the form with his attorney and understood the terms and the conditions of his plea agreement. Defendant also affirmatively indicated during the colloquy his understanding of the rights, his waiver of them and indicated he did not have any questions.
Defendant was advised of his right to appeal a verdict of guilty if one was returned at a trial and indicated that he understood his pleas could be used to enhance penalties for future crimes. He was advised of his right to an attorney. Defendant denied that he suffered any physical or mental impairment affecting his competency to enter his plea and acknowledged his ability to read, write, and understand the English language. He acknowledged his satisfaction with the way his attorney handled his case and denied being forced, coerced, or threatened to enter his pleas.
The trial court advised defendant during the colloquy that he faced a minimum penalty of fifteen years and a maximum penalty of ninety-nine years imprisonment without the benefit of parole, probation, or suspension of sentence. The trial court correctly advised defendant of the minimum penalty he faced under La. R.S. 14:64 and La. R.S. 14:64.3.[3] Defendant *599 was incorrectly advised of the maximum penalty as he faced a maximum term of imprisonment of one hundred and four years, due to the consecutive nature of the sentence required by La. R.S. 14:64.3. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. State v. Kent , 15-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 229, writ denied , 15-2119 (La. 12/16/16), 211 So.3d 1165. Further, La. C.Cr.P. art. 556.1(E) provides that: "[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to a harmless error analysis. Kent , supra . In State v. Ott , 12-111 (La. App. 5 Cir. 10/16/12), 102 So.3d 944, 952-53, this Court considered the defendant's argument that he was misinformed of the maximum penalty of one hundred and four years for his guilty pleas to armed robbery with a firearm and found the misinformation did not violate due process or invalidate the plea. Here, defendant does not raise any issues regarding the information he received relating to the maximum penalty nor does the record reflect that this information affected the plea bargaining process.
Furthermore, during the colloquy, the trial court advised defendant that if his pleas were accepted, he would receive sentences of twenty years imprisonment at hard labor on each count without the benefit of parole, probation, or suspension of sentence to be served concurrently. Defendant subsequently received those sentences. The advisement of the agreed upon sentence was sufficient for compliance with La. C.Cr.P. art. 556.1. See State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.
With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Defendant's sentences of twenty years at hard labor without the benefit of probation, parole, or suspension of sentence were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. Defendant's sentences fall within the sentencing ranges prescribed by the statutes. See La. R.S. 14:64 ; La. R.S. 14:64.3. Moreover, defendant's plea agreement was beneficial to him in that he received twenty-year sentences for an armed robbery with a firearm conviction, and the State agreed not to file a habitual offender bill against him.[4] However, as discussed in our error patent review, infra , defendant's sentences were indeterminate due to the failure to indicate whether defendant's twenty-year sentences included the additional five-year consecutive sentence required by La. R.S. 14:64.3, when a defendant commits an armed robbery with a firearm.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he reviewed the trial court proceedings and cannot identify any *600 basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record.[5]
ERROR PATENT DISCUSSION
Defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990), regardless of whether defendant makes such a request.
Upon review, we find the trial court imposed indeterminate sentences for defendant's convictions of armed robbery with a firearm. As explained above, La. R.S. 14:64.3 provides for an additional penalty of five years imprisonment without benefits, to be served consecutively to the sentence imposed under La. R.S. 14:64, when a firearm is used in the commission of the crime of armed robbery. The bill of information indicates the State charged defendant with two counts armed robbery with a firearm, in violation of La. R.S. 14:64 and La. R.S. 14:64.3, and defendant pleaded guilty as charged. The trial court sentenced defendant to twenty years at hard labor without the benefit of probation, parole or suspension of sentence, but did not state whether the five-year enhancement penalty was included as part of the twenty-year sentence. The failure to impose a consecutive five-year sentence as required under La. R.S. 14:64.3 renders the sentences indeterminate. See State v. Nelson , 17-650 (La. App. 5 Cir. 5/23/18), 248 So.3d 683, 691 ; State v. Lee , 15-108 (La. App. 5 Cir. 6/30/15), 171 So.3d 1214, 1218-19.
Accordingly, we vacate defendant's sentences and remand this matter for defendant to be resentenced in accordance with the law and his negotiated plea agreement, particularly for clarification of whether defendant's twenty-year sentence of imprisonment included the additional five-year sentence required under La. R.S. 14:64.3. Additionally, in the event the trial court determines that the five-year enhancement was not included in defendant's twenty-year sentence, then we reserve defendant's right to withdraw his guilty plea because the five-year firearm enhancement was evidently part of his negotiated twenty-year plea agreement. See Nelson , 248 So.3d at 691.
CONCLUSION
For the foregoing reasons, defendant's convictions are affirmed. Defendant's sentences are vacated, and the case is remanded to the trial court for resentencing in conformity with this opinion.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

La. R.S. 14:64 provides that "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." Additionally, the firearm enhancement statute, La. R.S. 14:64.3, provides for an additional penalty of five years imprisonment without benefits, to be served consecutively to the sentence imposed under La. R.S. 14:64, when a dangerous weapon is used in the commission of the crime of armed robbery.

The State and defense counsel represented to the trial court that defendant could face a triple habitual offender bill exposing him to a minimum penalty of sixty-six years imprisonment.

We grant the motion to withdraw despite the remand for resentencing because defendant is represented by different counsel at the trial and the appellate levels. Thus, the trial court will appoint counsel to represent defendant at the resentencing hearing. See State v. Anderson , 16-537 (La. App. 5 Cir. 5/17/17), 222 So.3d 935, 948 n.6. Additionally, in State v. Parnell , 17-550 (La. App. 5 Cir. 5/16/18), 247 So.3d 1116, an Anders case, this Court found on error patent review that the defendant's sentence of armed robbery with a firearm was indeterminate and remanded the matter for resentencing but nonetheless noted that the defendant's appellate counsel adequately reviewed and analyzed the record.