STEPHEN J. WINDHORST, Judge.
^Defendant, Darius Jones, was convicted of attempted armed robbery (count one) and possession of a firearm by a convicted felon (count two). Defendant was sentenced to 25 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for count one, to run concurrently with his 20-year sentence at hard labor without benefit of parole, probation, or suspension of sentence for count two. In this appeal, defendant challenges his conviction and sentence on count one for attempted armed robbery. For the following reasons, defendant’s convictions and sentences are affirmed.
On July 19, 2011, Tyrone Smith was a victim of a robbery at his residence at 612 Governor Hall Street in Gretna. Defendant knocked on Mr. Smith’s door and Mr. Smith invited him in because he knew defendant’s sister, Sheree Jones. Defendant asked Mr. Smith for money and when Mr. Smith told him no, defendant pulled out a gun and demanded the money. Defendant ran out of Mr. Smith’s house after he was given the money and was seen entering his sister’s apartment. Defendant was immediately apprehended coming out of Ms. Jones apartment. After obtaining consent from Ms. Jones to search her apartment for the weapon, the police located and retrieved the weapon used in the robbery.
[¡¡Defendant was charged with armed robbery in violation of La. R.S. 14:64 (count one) and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count two). A twelve-person jury found defendant guilty of the responsive verdict of attempted armed robbery on count one and guilty of possession of a firearm by a convicted felon on count two.[1] The jury was polled, revealing the concurrence was ten of twelve for count one and was unanimous for count two. Defendant was sentenced to 25 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for count one, to run concurrently with his 20-year sentence at hard labor without benefit of parole, probation, or suspension of sentence for count two. His sentence was also ordered to run concurrently with any other sentence he may have been serving. This appeal followed.
Defendant contends that the non-unanimity instruction that resulted in the non-unanimous verdict of attempted armed robbery on count one was a violation of his due process and equal protection rights and thus, the trial court’s denial of his motion for new trial was in error.[2] Defendant contends that subsequent developments in the jurisprudence call the five-vote judgment in Apodaca v. Oregon,[3] into question, citing Blakely v. Washington, Apprendi v. New Jersey, and McDonald v. City of Chicago.[4] Defendant contends that the Apodaca decision is incorrect.
Before trial, defendant filed “Motion to Declare Article 782(A) Unconstitutional *1067 Because it Allows for a Non-Unanimous Verdict in this Second |4Class Case.”[5] The record does not contain a ruling on this motion.[6] However, during the hearing on the post-verdict motions, defense counsel re-urged his motion regarding the non-unanimous verdict as to count one, stating that it had been previously denied by the court.[7]
The defendant did not object to the jury charges, which included a charge regarding the concurrence of ten of the twelve jurors for a verdict on each count. Nevertheless, after the verdict was rendered, defendant filed a motion for new trial, which included an argument that the non-unanimous verdict was in violation of the constitution. The trial court denied the motion. Thus, the issue addressed in defendant’s motion for new trial is properly before this Court. See State v. Hammond, 12-1559 (La.App. 1 Cir. 3/25/13), 115 So.3d 513, 514 n. 3.
La. Const. Art. I, § 17A provides that a criminal case “in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict.” Additionally, La.C.Cr.P. art. 782A provides in part that “[cjases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.” Defendant challenges his attempted armed robbery verdict, with a ten of twelve concurrence. Defendant’s confinement for the crime charged was necessarily at hard labor. See La. R.S. 14:64; La. R.S. 14:95.1. Therefore, under La. Const. Art. I, § 17A and La.C.Cr.P. art. 782A, ten of the twelve jurors were required to concur to render a verdict.
| sUnder both state and federal jurisprudence, a criminal conviction by a less than unanimous jury does not violate the Sixth and Fourteenth Amendments to the United States Constitution. See Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); State v. Belgard, 410 So.2d 720, 726 (La.1982); State v. Napoleon, 12-749 (La.App. 5 Cir. 5/16/13), 119 So.3d 238.
Although Apodaca was a plurality rather than a majority decision, the United States Supreme Court has cited or discussed the Apodaca opinion numerous times since its issuance and its holding as to non-unanimous jury verdicts represents well-settled law. State v. Bertrand, 08-2215 (La.3/17/09), 6 So.3d 738, 742. Defendant’s reliance on Apprendi, supra, Blakely, supra, and McDonald, supra, to support his proposition that the decision in Apodaca has been called into question and that a non-unanimous jury verdict violates his constitutional rights, is without merit.
This issue has been addressed by the Louisiana Supreme Court, this Court, and other appellate courts in this State, and all have held that a defendant’s reliance on recent post-Apodaca jurisprudence used to question the viability of a less than unanimous jury verdict ignores the holdings of the courts of this State. See State v. Napoleon, 12-749 (La.App. 5 Cir. 5/16/13), 119 So.3d 238; State v. Brooks, 12-226 *1068 (La.App. 5 Cir. 10/30/12), 103 So.3d 608, 614, writ denied, 12-2478 (La.4/19/13), 111 So.3d 1030.
In Bertrand, supra, the Louisiana Supreme Court specifically found that a non-unanimous twelve-person jury verdict is constitutional and that Article 782 does not violate the Fifth, Sixth, and Fourteenth Amendments. The Bertrand court also rejected the argument that non-unanimous jury verdicts have an insidious racial component and pointed out that a majority of the United States Supreme Court also rejected that argument in Apodaca. Id. at 742-43.
|fiIn Bertrand,[8] the Louisiana Supreme Court reversed a district court ruling that La.C.Cr.P. art. 782 was unconstitutional, stating:
Due to this Court’s prior determinations that Article 782 withstands constitutional scrutiny, and because we are not presumptuous enough to suppose, upon mere speculation, that the United States Supreme Court’s still valid determination that non-unanimous 12 person jury verdicts are constitutional may someday be overturned, we find that the trial court erred in ruling that Article 782 violated the Fifth, Sixth, and Fourteenth Amendments. With respect to that ruling, it should go without saying that a trial judge is not at liberty to ignore the controlling jurisprudence of superior courts.
Relying on Bertrand, the Louisiana Fourth Circuit Court of Appeal upheld the constitutionality of non-unanimous jury verdicts in State v. Barbour, 09-1258 (La.App. 4 Cir. 3/24/10), 35 So.3d 1142, writ denied, 10-0934 (La.11/19/10), 49 So.3d 396, cert denied, _ U.S. _, 131 S.Ct. 1477, 179 L.Ed.2d 302 (2011). The United States Supreme Court denied certiorari in Barbour, thereby declining to address the issue of non-unanimous jury verdicts.
In State v. Napoleon, supra, this Court recently addressed a defendant’s incorrect contention that Apodaca’s holding that non-unanimous jury verdicts do not violate the Constitution was called into question by Apprendi v. New Jersey, supra, and therefore, should no longer be followed by this Court. This Court explained:
[T]he defendant herein relies on the mention of unanimity in Apprendi, in which non-unanimous verdicts were not at issue. Apprendi involved reversal of the enhancement of a defendant’s sentence upon the trial judge’s post-verdict, factual finding that the crime committed was a hate crime, with such finding made by a mere preponderance of evidence. The unconstitutionality found by the Apprendi Court was criminal punishment for a post-trial finding of guilt of an additional element which had not been submitted to the jury, nor which required proof beyond a reasonable doubt. A superfluous mention of required unanimity made in the Court’s holding that all elements of a crime for which the defendant is punished must necessarily be proven to the jury beyond a reasonable doubt is not surprising, especially in a state (New Jersey) whose ^constitution requires a unanimous verdict. It cannot be construed to mean or predict that Apodaca is, or might soon be, overturned.[9]
The issue before the court in Apprendi was whether the defendant could be sentenced to additional incarceration upon a finding of guilt of an additional element of the crime by a judge after discharge of the jury, and by proof less than beyond a reasonable doubt. Clearly the New Jersey *1069 statute in Apprendi was unconstitutional, but the unconstitutionality had nothing to do with non-unanimous verdicts, which were not at issue in Apprendi. The insignificant reference to the requirement of a unanimous verdict was simply because New Jersey’s Constitution requires unanimous verdicts, and therefore a verdict on the additional element of the crime used to enhance the possible penalty also had to be decided by a unanimous jury, and not by the presiding judge. This Court therefore concluded that “the contention that recent post-Apodaca jurisprudence establishes a right to unanimous jury verdicts in all criminal cases is without merit,” and we found no merit in the defendant’s assertion that the trial court erred in charging the jury that a verdict of at least ten of twelve jurors was sufficient to reach any verdict. Id.
In State v. Mitchell, 11-1018 (La.App. 5 Cir. 6/28/12), 97 So.3d 494, the defendant acknowledged the precedent of Apodaca but argued that subsequent developments in the Supreme Court’s jurisprudence called the holding into question, citing Blakely v. Washington and McDonald v. City of Chicago, supra. This Court determined that the United States Supreme Court did not overturn Apodaca in either Blakely or McDonald, and quoting McDonald: “ ‘The Court has held that although the Sixth Amendment right to trial by jury requires a unanimous jury verdict in federal criminal trials, it does not require a unanimous jury verdict in state criminal trials.’ ” (McDonald, 130 S.Ct. at 3035 n. 14, 130 S.Ct. 3020) (emphasis omitted). This Court in Mitchell found that the defendant’s assigned error was without merit after considering that the United States Supreme Court and the Louisiana Supreme Court have held that a unanimous jury verdict is not required in state criminal trials. See also State v. Jackson, 12-0090 (La.App. 4 Cir. 4/24/13), 115 So.3d 1155; and State v. Santos-Castro, 12-0568 (La.App. 4 Cir. 7/31/13), 120 So.3d 933.
Although defendant acknowledges that the Supreme Court and this Court have recognized the continued viability of La. C.Cr.P. art. 782, he argues that the holding in Apodaca is incorrect. This Court also recognized in Mitchell, supra, that as an intermediate appellate court, this Court is obliged to follow the precedent established by the Louisiana Supreme Court, noting that this Court has consistently followed the Louisiana Supreme Court’s jurisprudence on this issue. Accordingly, we find that the trial court did not err in denying defendant’s motion for new trial.
The record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Only the following errors patent require corrective action.
The commitment lacks clarity as to the sentences imposed. The commitment reflects that the sentence was ordered to be served without benefit of parole, probation, or suspension of sentence.[10] However, the commitment does not clearly reflect, as does the transcript, that both sentences were imposed without the benefit of parole, probation, or suspension of sentence. We remand the matter and order the trial court to correct the commitment to specify that each sentence is to be served without benefit of parole, probation, or suspension of sentence. See State v. Wilson, 12-819 (La.App. 5 Cir. 5/16/13), 118 So.3d 1175, 1179. We further direct the clerk of court to transmit *1070 the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced and to the Department of Correction’s Legal Department. See La.C.Cr.P. art. 892B(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
Further, the commitment reflects that defendant’s sentences were also ordered to run concurrently “with any other sentence.” However, the transcript more specifically reflects that his sentences were ordered to run concurrently “with any other sentence you may be serving.” The commitment reflects a more open-ended statement regarding running the sentence concurrently “with any other sentence.” Thus, we remand the matter for correction of the commitment in accordance with La. C.Cr.P. art. 892B(2) and State ex rel. Roland v. State, supra. See State v. Nelson, 09-807 (La.App. 5 Cir. 3/23/10), 39 So.3d 658, 666.
For the reasons stated above, we affirm defendant’s convictions and sentences and remand for corrections in compliance with this opinion. We further order that, in addition to the record copy, a separate copy of this opinion be delivered to the Clerk of Court for the Twenty-Fourth Judicial District Court for the Parish of Jefferson.
CONVICTIONS AND SENTENCES AFFIRMED AND REMANDED WITH INSTRUCTIONS.

. The parties stipulated to the defendant's pri- or conviction at trial. Defendant does not raise any assignments of error as to his conviction and sentence on count two.

. We find that to the extent defendant is attempting to make an argument regarding his equal protection rights that was not previously made, any such argument has not been preserved for appellate review. La.C.Cr.P. art. 841 A.

. Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972).

. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); McDonald v. City of Chicago, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010).

. The record contains an unsigned show cause order attached to this motion.

. The constitutionality of a statute cannot be raised for the first time on appeal; it must be presented first in the trial court. State v. Oliver, 03-416 (La.App. 5 Cir. 12/29/09), 30 So.3d 946, 951, writ denied, 10-0271 (La.9/17/10), 45 So.3d 1041, citing Williams v. State, Dept. of Health and Hospitals, 95-0713 (La.1/26/96), 671 So.2d 899, 901.

.On appeal, both parties concede that the record does not indicate that the trial court ever directly addressed defendant's motion prior to trial.

. Id. at 743.

. Napoleon, 119 So.3d at 246.

. Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983).