WICKER, J.
11 Defendant, Ahmad Wiley, appeals his convictions and sentences for manslaughter and obstruction of justice. Defendant’s appointed appellate counsel has filed an appellate brief pursuant to Anders v, California[1] and has further filed a motion to withdraw as counsel of record. For the following reasons, we affirm defendant’s convictions and grant counsel’s motion to withdraw. However, an error patent review reflects that the trial court imposed indeterminate sentences. Accordingly, we vacate defendant’s sentences and remand this matter to the trial court for resentenc-ing.
STATEMENT OF THE CASE
On December 18, 2014, a Jefferson Parish Grand Jury indicted defendant with second degree murder in violation of La. R.S. 14:30.1 (count one) and obstruction of justice in violation of La. R.S. 14:130.1 (count two). On January 8, 2015, defendant was arraigned and pled not guilty to the charges against him.[2] Subsequently, in connection with a plea agreement, the State amended count one of the indictment to charge defendant with manslaughter in violation of La. R.S. 14:31. On June 24, 2016, defendant withdrew his not guilty pleas and pled guilty to the amended manslaughter charge and the obstruction of justice charge. On the same date, the trial court sentenced defendant to twenty-five years imprisonment at hard labor on count one and twenty years imprisonment at hard labor on count two. Defendant filed a timely motion for appeal.
FACTUAL BACKGROUND
Defendant pled guilty without proceeding to trial, but the State provided the following factual basis for each charge during defendant’s guilty plea colloquy:
12If the State would proceed to trial, it would prove beyond a reasonable doubt that the defendant, Ahmad Wiley, on September the 11th, 2014, while in Jefferson Parish, violated La. R.S. 14:31 in that he committed the manslaughter of Alontay Simmons. Furthermore.. .defendant violated La. R.S. 14:130.1 in that *397 he intentionally removed a firearm from the location of that incident having good reason to believe that that firearm would have been the subject of an investigation by state and local law enforcement officers.
ANDERS BRIEF
Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), defendant’s appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, 704 So.2d at 241.
An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. “When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a labasis for appeal.” State v. Dufrene, 07-823 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In this case, appointed appellate counsel’s brief demonstrates that after a detailed review of the record, counsel could find no non-frivolous issues to raise on appeal. The State agrees and urges this Court to grant defense counsel’s request to withdraw as counsel of record. An independent review of the record supports counsel’s assertion that there are no non-frivolous issues to raise on appeal.
First, the amended indictment filed properly charged defendant with manslaughter in violation of La. R.S. 14:31 and obstruction of justice in violation of La. R.S. 14:130.1. As required, the indictment sufficiently identified defendant and clearly, concisely, and definitely stated the essential facts constituting the crimes charged. See La. C.Cr,P. arts. 464-66. Second, the minute entries reflect that defendant appeared at each stage of the proceedings against him. Defendant and his counsel appeared in open court for defendant’s arraignment, guilty plea proceeding, and sentencing.
Third, defendant pled guilty to the charges against him. Once a defendant is sentenced, only those guilty pleas that *398 are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. In such a case, the |4defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La. 1984).
The record reflects that defendant was aware he was pleading guilty to the charged offenses, manslaughter and obstruction of justice. The trial court advised defendant of the nature of the offenses to which he pled guilty. Defendant was informed during the colloquy and in the waiver of rights form of the maximum sentence for both crimes and the actual sentences that would be imposed pursuant to the guilty pleas.[3] The trial court advised defendant of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant was advised of these rights by means of the waiver of rights form, which he signed, and during the colloquy with the trial judge. During his guilty plea colloquy and in his waiver of rights form, defendant indicated that he had not been forced or coerced into entering his guilty plea. After the colloquy with defendant, the trial judge was convinced that defendant’s pleas were knowingly, intelligently, and voluntarily made.
Last, defendant’s sentences—imposed pursuant to a plea agreement—do not present any non-frivolous issues on appeal. A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. La. C.Cr.P. art. 881.2(A)(2). Because defendant’s | ^sentences were imposed in conformity with a plea agreement which was set forth in the record at the time of the plea, defendant cannot seek review of his sentences on appeal. See State v. Smith, 09-10.43 (La.App. 5 Cir. 6/29/10), 43 So.3d 261, 265.[4]
*399 Moreover, defendant’s plea agreement was beneficial to him in that he was originally charged with second degree murder for which, if convicted, he would have received a mandatory life sentence.[5] Pursuant to the plea agreement, the State amended the second-degree murder charge to a manslaughter charge, for which he faced a forty year maximum sentence but received a twenty-five year sentence.
Upon an independent review of the record, we find no non-frivolous issues for appeal. Defendant’s appointed appellate counsel has adequately demonstrated his review and analysis of the record in this case. An independent review of the record supports counsel’s assertions set forth in his Anders brief. Therefore, we find that counsel’s request to withdraw as counsel of record should be granted.
ERRORS PATENT DISCUSSION
Defendant requests an error patent review. This Court routinely reviews records for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990), regardless of whether a defendant makes such a request. The record reflects the following errors patent:
First, the commitment indicates that the trial judge advised defendant that he had “two (2) years after judgement of conviction and sentence has become final to seek post-conviction relief.” However, the transcript reflects that the trial judge advised defendant that he had “two years after the judgment and sentence becomes |Bfinal in which to seek post-conviction relief.” The failure of the trial judge to advise a defendant that the prescriptive period for seeking post-conviction relief runs from the time his conviction and sentence become final renders the advisal incomplete. State v. Grant, 04-341 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598. When there is a discrepancy between the minute entry or commitment and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983); State v. Pham, 12-635 (La.App. 5 Cir. 5/16/13), 119 So.3d 202, 227-28.
It is well-settled that if a trial court provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief. See State v. Neely, 08-707 (La.App. 5 Cir. 12/16/08), 3 So.3d 532, 538, unit denied, 09-0248 (La. 10/30/09), 21 So.3d 272; State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, unit denied, 09-0158 (La. 10/16/09), 19 So.3d 473; State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, unit denied, 11-1753 (La. 2/10/12), 80 So.3d 468; State v. Taylor, 12-25 (La.App. 5 Cir. 6/28/12), 97 So.3d 522, 538; and State v. Brooks, 12-226 (La.App. 5 Cir. 10/30/12), 103 So.3d 608.
Accordingly, we advise defendant by way of this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.
*400 Second, the record reflects an inconsistency between the commitment and the transcript concerning the sentences imposed, rendering defendant’s sentences indeterminate. The transcript reflects that the trial judge ordered defendant’s two sentences to run concurrently with “any other sentence.” The commitment, however, more specifically states that the trial judge ordered the two concurrent 17sentences to run concurrently with “any other sentence defendant may be serving.” The transcript prevails. Lynch, swpra. La. C.Cr.P. art. 879 provides that “[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.” We find that defendant’s sentences are indeterminate because the trial court did not specify whether the sentences were ordered to run concurrently with specific sentences imposed or simultaneously with any other sentences imposed that defendant may have been serving at the time of his sentencing.[6] Accordingly, we vacate defendant’s sentences and remand this matter to the trial court to clarify defendant’s sentences. See State v. Gardner, 16-13 (La. App. 5 Cir. 9/8/16), 202 So.3d 513, 518.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED

. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Defendant filed omnibus pretrial motions. The record reflects that, following a hearing, the trial judge denied defendant's motion to suppress his confession but that other motions filed were never ruled upon. Defendant did not object to the trial court’s failure to rule on his pre-trial motions prior to pleading guilty and, thus, those motions are considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

. The record reflects that the trial judge failed to inform defendant of the minimum sentences on either count. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations, however, are subject to harmless error analysis. See State v. Goff, 13-866 (La. App. 5 Cir. 04/09/14), 140 So.3d 146, 151; State v. Guzman, 99-1528 and 99-1753 (La. 5/16/00), 769 So.2d 1158, 1164-66; State v. Gilliam, 01-748 (La.App. 5 Cir. 1/15/02), 807 So,2d 1024, 1027, writ denied, 02-0512 (La. 11/1/02), 828 So.2d 562. In determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Gilliam, 807 So.2d at 1027. Any variance from the procedure required by Article 556.1 that does not affect the substantial rights of the accused shall not invalidate the plea. La. C.Cr.P. art. 556.1(E), We find this error to be harmless under the facts of this case, where defendant was advised of the sentences he would receive and did in fact receive those sentences. Moreover, the record reflects that the plea agreement was beneficial to defendant, resulting in the amended manslaughter charge when defendant faced a possible mandatory life sentence under the second degree murder charge.

. Nevertheless, a review of the record reflects that defendant’s sentences fall within the sentencing ranges statutorily prescribed. See La. R.S. 14:31 and La. R.S. 14:130.1.

. The testimony presented at the hearing on defendant’s motion to suppress his confession provided that defendant and the victim, who was defendant’s cousin, were involved in the attempted armed robbery of two Asian males on the date of the charged crimes. The testimony provided that, as the two Asian males fled the scene, both defendant and the victim, Simmons, began shooting at the two Asian males. At some point, Simmons walked into defendant’s line of fire and was fatally shot.

. This Court has recognized this distinction in sentencing, finding the "open-ended” statement that a sentence be served with "any other sentence” is distinguishable from a sentence ordered to be served concurrently with "any sentence [the defendant] may be serving,” requiring correction. See State v. Jones, 13-367 (La.App. 5 Cir. 12/27/13), 131 So.3d 1065, 1070.