WICKER, J.
*443 In this criminal appeal, defendant, Matthew Nellon, seeks review of the denial of his motion to suppress filed prior to his convictions for attempted possession of heroin in violation of La. R.S. 14:27 and 40:966(C) and possession of oxycodone in violation of La. R.S. 40:967(C) -both arising from defendant's guilty pleas. Because we find that defendant failed to preserve review of any pretrial rulings in accordance with State v. Crosby , 338 So.2d 584 (La. 1976), we decline to consider relator's assignment of error on appeal. We further affirm defendant's convictions but vacate his sentences due to an error patent and remand the matter to the trial court for resentencing.
STATEMENT OF THE CASE
On August 24, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant with one count of possession of heroin in violation of La. R.S. 40:966(C) and one count of possession of oxycodone in violation of La. R.S. 40:967(C). Defendant was arraigned and pled not guilty. On January 19, 2017, defendant filed a motion to suppress evidence, contending that the officers who seized the evidence at issue during a traffic stop did not have reasonable suspicion or probable cause to search his vehicle.[1]
On March 16, 2017, the trial court conducted a hearing on defendant's motion to suppress evidence. The trial judge took the matter under advisement and, on May 9, 2017, issued a judgment denying defendant's motion to suppress. On July 26, 2017, this Court considered and denied defendant's writ application seeking review of the denial of defendant's motion to suppress evidence. State v. Nellon , 17-K-336 (La. App. 5 Cir. 7/26/17) (unpublished writ decision). On November 13, 2017, the Louisiana Supreme Court declined to consider defendant's writ application as it was untimely filed. State v. Nellon , 17-1482 (La. 11/13/17), 229 So.3d 478.
On February 26, 2018, the state amended count one of the bill of information to reflect the amended charge of attempted possession of heroin in violation of La. R.S. 14:27 and 40:966. On the same date, defendant withdrew his not guilty pleas and pled guilty to the amended bill of information. After a colloquy with defendant and the acceptance of his pleas, the trial court sentenced defendant in accordance with the plea agreement to two years at hard labor on each count with the sentences "to run concurrently with each other, and concurrent with any other sentence." This appeal follows.
*444 DISCUSSION
On appeal, defendant does not challenge the validity of his guilty pleas, nor does he challenge the sentences imposed for his attempted possession of heroin and possession of oxycodone convictions. In his sole assignment of error on appeal, defendant seeks review of a prior ruling denying his motion to suppress the evidence.[2]
Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea. State v. Williams , 18-197 (La. App. 5 Cir. 11/07/18), 259 So.3d 593, 2018 WL 5813263, 2018 La. App. LEXIS 2184. An unqualified guilty plea precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. However, a defendant may preserve for appellate review a prior adverse ruling if, at the time he enters his guilty plea, he expressly reserves his right to appellate review of a specific ruling. State v. Crosby , 338 So.2d 584, 588 (La. 1976) ; State v. King , 99-1348 (La. App. 5 Cir. 5/17/00), 761 So.2d 791, 793.
The record reflects that defendant in this case entered unqualified guilty pleas and, therefore, waived all non-jurisdictional defects in the proceedings which occurred prior to his guilty pleas. The record reflects that during the guilty plea proceedings, defendant did not preserve any rulings for appeal under the holding in State v. Crosby , supra . This Court has consistently held that a defendant's failure to reserve the right to appeal under Crosby precludes appellate review of a prior denial of a motion to suppress. See State v. Nelson , 17-650 (La. App. 5 Cir. 5/23/18), 248 So.3d 683, 688 ; State v. Turner , 10-995 (La. App. 5 Cir. 9/27/11), 75 So.3d 491, 492, writ denied , 11-2379 (La. 4/27/12), 86 So.3d 625 ; State v. Landry , 02-1242 (La. App. 5 Cir. 4/29/03), 845 So.2d 1233, writ denied , 03-1684 (La. 12/19/03), 861 So.2d 556. Accordingly, defendant has not preserved review of the denial of his motion to suppress and we thus decline to consider his assignment of error on appeal.[3]
ERRORS PATENT
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ;
*445 State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). Our review reflects the following error patent:
The record reflects an inconsistency between the transcript and the uniform commitment order (UCO) that renders defendant's sentences indeterminate. The transcript reflects that the trial judge ordered defendant's two sentences to run "concurrent with any other sentence." The UCO, however, more specifically states that the sentences "shall be concurrent with any or every sentence the offender is now serving" and additionally reflects that the sentences are to be served concurrent with "any other sentence the Defendant may be serving [in] Jefferson, 24th JDC." When there is a discrepancy between the minute entry or commitment and the transcript, the transcript prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983).
La. C.Cr.P. art. 879 provides that "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." We find defendant's sentences to be indeterminate because the trial judge in sentencing defendant, did not specify whether the sentences were ordered to run concurrently with specific sentences imposed or with any other sentences imposed that defendant may have been serving at the time of his sentencing. See State v. Wiley , 16-645 (La. App. 5 Cir. 4/12/17), 216 So.3d 393, 400 ; see also State v. Jones , 13-367 (La. App. 5 Cir. 12/27/13), 131 So.3d 1065, 1070 (wherein this Court recognized this distinction in sentencing, finding the "open-ended" statement that a sentence be served with "any other sentence" is distinguishable from a sentence ordered to be served concurrently with "any sentence [the defendant] may be serving," requiring correction.) Accordingly, we vacate defendant's sentences and remand this matter to the trial court to clarify defendant's sentences. See State v. Wiley , supra .
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED

Defendant also filed motions to suppress a statement and identification, which were never heard by the trial court. However, defendant did not object to the trial court's failure to hear these outstanding motions before pleading guilty. When the trial court does not hear or rule on a pretrial motion, and the defendant does not object prior to pleading guilty, the motion is considered waived. See State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

Defendant challenged the officers' decision to detain him while waiting for a canine sniff to be performed, citing Rodriguez v. United States , --- U.S. ----, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015). This Court, in our July 26, 2017 disposition denying defendant's writ application, found:
The trial court found that the officers executed a lawful traffic stop and had reasonable suspicion to detain relator further and call for a canine unit based on relator's nervous demeanor, including excessive sweating, refusal to make eye contact with the officers, shifting from side to side, and looking at his vehicle when questioned about contraband in his vehicle. We note that there was no testimony regarding the exact length of time for the stop. Based on our review of the writ application and the evidence presented at the suppression hearing, the trial court did not abuse its discretion in denying relator's motion to suppress.
We further note, that in the event of a conviction after trial, relator has an adequate remedy on appeal. Accordingly, this writ application is denied.

Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, when the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that plea bargain is not kept. The record reveals no irregularities in defendant's guilty pleas and, again, defendant does not contend on appeal that his pleas were not entered into freely and voluntarily.