STATE OF LOUISIANA

VERSUS

CARLOS SMITH

NO. 23-KA-308

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-5333, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

February 28, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and John J. Molaison, Jr.

**CONVICTIONS AFFIRMED;**
**COUNT ONE ENHANCED SENTENCE AFFIRMED;**
**COUNT TWO SENTENCE VACATED;**
**REMANDED WITH INSTRUCTIONS**
    **SJW**
    **JGG**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Matthew R. Clauss

COUNSEL FOR DEFENDANT/APPELLANT,
CARLOS JEROME SMITH
    Lieu T. Vo Clark

**WINDHORST, J.**

Defendant/appellant, Carlos Jermone Smith, appeals his convictions and sentences for possession of a firearm by a convicted felon (count one) and resisting an officer (count two). For the following reasons, we affirm defendant's convictions and his enhanced sentence on count one, but vacate his sentence on count two and the financial obligations imposed upon him and remand for resentencing.

## PROCEDURAL HISTORY

On August 20, 2018, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Carlos Jerome Smith, with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one) and resisting an officer with the use of or threat of violence in violation of La. R.S. 14:108.2 (count two). Defendant pled not guilty at his arraignment.

On May 24, 2022, jury selection commenced, and on May 25, 2022, a twelve-person jury unanimously found defendant guilty as charged on count one, and guilty of a lesser responsive verdict, resisting an officer, a misdemeanor in violation of La. R.S. 14:108 on count two.

Defendant filed a motion for new trial, asserting the trial court committed reversible error by restricting the defense's closing argument. After a hearing, the trial court denied defendant's motion for new trial.

On February 2, 2023, the trial court sentenced defendant to fifteen years imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence as to count one and six months imprisonment in the parish prison as to count two. The trial court ordered that both counts were to be served concurrently with each other "and concurrently with any other sentence." The trial court also ordered that defendant pay court costs, fines, and fees within twelve months after his release from the Department of Corrections. Defendant filed a motion for reconsideration of sentence, which the trial court denied.

The State then filed an habitual offender bill of information relative to count one, alleging that defendant was a third-felony offender. Defendant stipulated to being a third-felony offender as to his conviction for possession of a firearm by a convicted felon (count one). As a result, the trial court vacated his sentence on count one, and re-sentenced defendant to serve fifteen years imprisonment in the Department of Corrections, without the benefit of probation or suspension of sentence. The trial court informed defendant that he would remain responsible for the previously imposed court costs, fines, and fees.

**EVIDENCE**

On July 16, 2018, Detective Colton O'Connor of the Jefferson Parish Sheriff's Office ("JPSO"), while on patrol duty, observed defendant traveling on Destrehan Avenue with high beams. As a result, Detective O'Connor conducted a traffic stop of defendant in his vehicle. At trial, Detective O'Connor testified that when he approached defendant in his vehicle, he asked for his license and insurance, and that defendant responded by stating he had just smoked marijuana. Detective O'Connor testified that he then advised defendant of his rights and asked him to exit the vehicle.

As defendant walked towards the rear of his vehicle, former Deputy Zellie Rouse, who assisted at the scene, alerted Detective O'Connor that defendant had a firearm on him by yelling "gun." Detective O'Connor saw defendant reach towards his front waistband, but then defendant fled, and a foot chase ensued. Detective O'Connor testified that he eventually caught up with defendant, and tackled him. Once caught, defendant struck Detective O'Connor on his left shoulder. Detective O'Connor responded by striking defendant once in his face, and defendant said, "Ouch, I give up." Detective O'Connor searched defendant incident to the arrest, and found a firearm in defendant's front waistband.

Ms. Rouse testified at trial that she arrived at the scene after Detective O'Connor but before defendant exited his vehicle. Ms. Rouse observed defendant

exit his vehicle and take off running soon after. Ms. Rouse testified that when defendant exited his vehicle and was walking towards her at the rear of the vehicle, she observed a handgun sticking out of his waist band that was concealed under his shirt. Ms. Rouse also pursued defendant, and observed defendant shoving Detective O'Connor and refusing to obey his commands. She saw Detective O'Connor catch defendant and take him to the ground, after which a struggle ensued between defendant and Detective O'Connor. Ms. Rouse confirmed that a handgun was seized from defendant.

Deputy Dona Quintanilla, a certified latent print examiner for the JPSO crime laboratory, was accepted as an expert in the field of latent print identification and comparison. She testified that she finger printed defendant the same day that she testified, and that she used the ACEV[1] methodology to compare defendant's fingerprints to the certified conviction packet for case number 08-1929, showing defendant plead guilty to possession of cocaine. She opined that defendant was the same person convicted of possession of cocaine in case number 08-1929.

At trial, defendant testified that on the day he was arrested in the instant case, he was on his way home from working at Rally's.[2] Defendant stated that as he was traveling down Destrehan Avenue, he passed a police officer who was traveling in the opposite direction. Defendant acknowledged that the police officer pulled him over, but denied that his bright lights were turned on. Defendant testified that when Detective O'Connor approached his vehicle, he asked him for his license and registration. Defendant gave Detective O'Connor his registration but informed him that he did not have his driver's license. According to defendant, Detective O'Connor mentioned his vehicle smelled like marijuana, and asked him if he had

---

[1] Deputy Quintanilla testified that ACEV stands for analyze, compare, evaluate, and verify.
[2] Sheba Sonnier testified that she is a general manager at Rally's, and confirmed that defendant is employed at Rally's.

been smoking marijuana. Defendant testified that he told Detective O'Connor that he had not smoked marijuana.

Defendant testified that he complied when Detective O'Connor directed him to step out of the vehicle and walk towards the back of the vehicle. Defendant denied possessing a firearm. He explained that when he realized Detective O'Connor was going to pat him down, he ran because he had marijuana in his left sock and was on parole. Defendant said that as he was running, he tried to remove his socks and slippers. When his socks and slippers were off and the marijuana fell out, he stopped running by jumping on the ground. Defendant testified that while he was on the ground, Detective O'Connor struck him with a closed fist, grabbed him and placed him in handcuffs. Defendant repeatedly denied that he had a firearm on him that night.

Defendant admitted that he had prior convictions, including the following: (1) a 2008 conviction for possession of cocaine; (2) a 2008 conviction for attempted possession of a firearm by a convicted felon; and (3) a 2015 conviction for attempted possession of a firearm by a convicted felon and possession of a firearm with an obliterated serial number. Defendant testified that although he pled guilty, in 2008 and 2015, to attempted possession of a firearm, he did not possess a firearm at the time of his arrests for either of those convictions. He maintained that he pled guilty at the advice of his attorney in order to avoid jail time.

**LAW and ANALYSIS**

On appeal, defendant asserts that the trial court erred in denying his motion for new trial and in prohibiting defense counsel's closing arguments on the State's failure to present key evidence during the trial. Defendant argues that the impingement on defense counsel's closing arguments "caused prejudicial harm as it could have changed the verdict in this case."

In response, the State asserts that the trial court's restriction on defense's closing argument was legally permissible, citing to La. C.E. arts. 403, 609.1, and 611. The State also asserts that the defense "said everything necessary" in order to present defendant's arguments to the jury.

The trial court's limitation on defendant's closing argument occurred after the following exchange:

**DEFENSE:** … And let me let you in on a dirty little secret of the criminal justice system. It is the best system in the world, but it's not a perfect system. And this is what happens to people like Carlos Smith. He gets arrested while he's on probation, and he sits in jail. They have a bad case. He's innocent. They know he's innocent. They know they don't have enough evidence to prove him guilty. But, guess what, you have a cocaine conviction so you're a bad person. You were somewhere around it. So, guess what we're going to do, we're going to cut you a little deal.

So this is the deal we're going to cut. We're going to give you an attempted possession. The sentence the Judge is going to give you because the judges know very well now that it takes away any -- it takes away the amount of jail time you can get. And then, you plea [sic] guilty. You run it concur [sic] with the cocaine. You serve a few more months, and you're out of jail. Or you can sit there another year and go on and on. Maybe your case never gets tried. It doesn't work, like -- and you would think it would. If you're not in the system, you think, okay, well, the prosecutor looks at the case, and he goes oh, okay. Well, this guy's got -- he's on probation with cocaine, but this is really a bad case. I'm just going to throw it out. It doesn't work that way. No, they say, you plea [sic] guilty to this, and it says whatever the sense [sic] the Judge you work that out, you get out. What are you going to do-- what would anybody do in this situation? They would do exactly what he did.

Let me tell you this. You know the law is such that when you take the stand and you've got a conviction and you deny or you say exculpatory information. No, I really was innocent, like he did. You don't mistake these guys. They can bring evidence in that first case to show you that he's lying about that. They can bring the original officers. They can bring testimony. It's in the law. They didn't do that, did they?

**COURT:** Approach the bench, please.

During the bench conference, the trial court informed defense counsel that his argument was improper in that he was attacking the entire criminal justice system and alleging that "all of us have done something improper." Defense counsel

asserted that the argument was permissible under La. C.E. art. 609.1 C(2), but the court informed defense counsel that La. C.E. art. 609.1 C(2) did not apply.

La. C.E. art. 609.1 C states:

> C. Details of convictions. Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
> (1) When the witness has denied the conviction or denied recollection thereof;
> (2) When the witness has testified to exculpatory facts or circumstances surrounding the conviction; or
> (3) When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.

All matters pertaining to the conduct of the trial are within the sound discretion of the trial judge. La. Const. art. 5, § 1; La. C.Cr.P. art. 17; State v. Smallwood, 09-86 (La. App. 5 Cir. 7/28/09), 20 So.3d 479, 487-88, writ denied sub nom. State ex rel. Smallwood v. State, 09-2020 (La. 9/24/10), 45 So.3d 106. The trial judge has great latitude in controlling the duration and limiting the scope of closing arguments. State v. Foster, 09-837 (La. App. 5 Cir. 6/29/10), 44 So.3d 733, 741, writ denied, (La. 4/25/11), 62 So.3d 84; State v. Farhood, 02-490 (La. App. 5 Cir. 3/25/03), 844 So.2d 217, 235.

La. C.Cr.P. art. 774 requires that "argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice." Defense counsel should be allowed wide latitude in closing argument and undue restrictions which limit closing argument to the prejudice of the defendant is error. In instances where the prejudice is substantial, reversal is warranted. State v. Lewis, 01-1084 (La. App. 5 Cir. 3/13/02), 815 So.2d 166, 173, writ denied, 02-1053 (La. 11/15/02), 829 So.2d 424.

We find no error in the trial court's limitation on the scope of defense counsel's closing argument. Defense counsel's comments regarding the criminal justice system and additional facts of defendant's previous convictions were not

related to the evidence admitted, the lack of evidence, or conclusions of fact that could have been drawn therefrom. Instead, this argument was clearly an attempt to appeal to any prejudice against the criminal justice system. Because argument appealing to prejudice is prohibited, the trial court appropriately exercised its discretion in limiting defense counsel's argument relative thereto.

Defendant's claim that this argument fell within the scope of La. C.E. art. 609.1 also lacks merit. This provision pertains to attacking the credibility of a witness during questioning of that witness. Section A of this article states, "In a criminal case, every witness *by testifying* subjects himself to examination relative to his criminal convictions, subject to the limitations set forth below." [Emphasis added.] Thus, we conclude that defense counsel reliance on this provision during his closing argument was misplaced.

Nevertheless, the use of the term "may" in La. C.E. art. 609.1 indicates that the trial judge has discretion as to whether to allow additional details of defendant's previous convictions. As noted above, the trial judge has wide discretion in limiting the scope of closing arguments. Foster, *supra*; Farhood, *supra*.

Finally, the jury heard sufficient testimony and argument of defendant denying that he was guilty of his prior convictions and concerning the State's alleged failure to rebut defendant's testimony in this regard. Defendant denied that he possessed a firearm at the time of his arrests for his previous convictions and on the night in question. Defendant's conviction indicates the jury did not believe him; but, instead accepted the testimony of Detective O'Connor and Ms. Rouse. The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. State v. Dibartolo, 14-691 (La. App. 5 Cir. 2/11/15), 168 So.3d 754, 758. The function of the appellate court is not to assess the credibility of witnesses or to re-weigh the evidence absent impingement on the fundamental due process of law. Id.

Considering the foregoing, we find no abuse of discretion in the trial court's restriction on the scope of defense counsel's closing argument. We therefore also find no abuse of discretion in the trial court's denial of defendant's motion for new trial, in which he asserted that same argument.[3]

**ERRORS PATENT**

We have reviewed the record for errors patent according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990).

First, there is a discrepancy regarding the concurrent nature of defendant's sentences. The minute entry states, "The Court ordered that the above sentence is to run concurrently with each count, and any or every sentence the Defendant may be serving." The Uniform Sentencing Commitment Order states that the sentence is concurrent with "each count, and any or every sentence the Defendant may be serving Jefferson, 24th JDC." The sentencing transcript, however, reflects that the trial court ordered defendant's sentences to run concurrently with each other and "concurrently with any other sentence." When there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983).

La. C.Cr.P. art. 879 provides that "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." This court has found that the "open-ended" statement that a sentence be served with "any other sentence" is distinguishable from a sentence ordered to be served concurrently with "any sentence [the defendant] may be serving," and requires correction. State v. Lavigne, 22-282 (La. App. 5 Cir. 5/24/23), 365 So.3d

---

[3] La. C.Cr.P. art. 851 A states, "The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded."

919, 962. See also, <u>State v. Nellon</u>, 18-385 (La. App. 5 Cir. 12/19/18), 262 So.3d 441; <u>State v. Wiley</u>, 16-645 (La. App. 5 Cir. 4/12/17), 216 So.3d 393, 400.

Upon review and consistent with previous decisions from this court, we find that defendant's sentences are indeterminate because, at the sentencing hearing, the trial court did not specify whether the sentences were ordered to run concurrently with specific sentences imposed or simultaneously with any other sentences that defendant may have been serving *at the time of his sentencing*. The record, however, indicates that the trial court vacated defendant's sentence on count one when it re-sentenced him as a habitual offender. As a result, the indeterminate nature of defendant's sentence on count one is moot. However, we must vacate defendant's sentence on count two and remand this matter to the trial court for resentencing on count two.

Second, there is an issue regarding compliance with La. C.Cr.P. art. 875.1. On February 2, 2023, when defendant was sentenced, the trial court ordered defendant to pay court costs, fines, and fees. The court stated that defendant would have twelve months after his release from the Department of Corrections to pay court costs, fines, and fees.

La. C.Cr.P. art. 875.1 requires the court to conduct a hearing to determine whether payment of any fine, fee, cost, restitution, or monetary obligation would cause substantial financial hardship to defendant or his dependents. La. C.Cr.P. art. 875.1 C states:

> (1) Notwithstanding any provision of law to the contrary, prior to ordering the imposition or enforcement of any financial obligations as defined by this Article, the court shall conduct a hearing to determine whether payment in full of the aggregate amount of all the financial obligations to be imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents. The court may consider, among other factors, whether any victim of the crime has incurred a substantial financial hardship as a result of the criminal act or acts and whether the defendant is employed. The court may delay the hearing to determine substantial financial hardship for a period not

> to exceed ninety days, in order to permit either party to submit relevant evidence.
>
> (2) The defendant or the court may waive the judicial determination of a substantial financial hardship required by the provisions of this Paragraph. If the court waives the hearing on its own motion, the court shall provide reasons, entered upon the record, for its determination that the defendant is capable of paying the fines, fees, and penalties imposed without causing a substantial financial hardship.

In this case, the court did not hold a hearing, and there is no waiver of the judicial determination of financial hardship. Accordingly, due to the requirements of La. C.Cr.P. art. 875.1, we vacate the financial obligations imposed on defendant, and remand this case for compliance with La. C.Cr.P. art. 875.1. State v. Douglas, 22-752 (La. App. 3 Cir. 2/23/23), 358 So.3d 580; State v. Gant, 54,837 (La. App. 2 Cir. 1/11/23), 354 So.3d 824, 832; State v. Cormier, 23-24 (La. App. 3 Cir. 1/4/22) 2023 WL 5950870.

**DECREE**

For the foregoing reasons, we affirm defendant's convictions and his enhanced sentence on count one, but vacate his sentence for count two and the financial obligations imposed on him. We remand for re-sentencing on count two and compliance with La. C.Cr.P. arts. 879 and 875.1.

**CONVICTIONS AFFIRMED; COUNT ONE ENHANCED SENTENCE AFFIRMED; COUNT TWO SENTENCE VACATED; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 28, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-308

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
MATTHEW R. CLAUSS (APPELLEE)        THOMAS J. BUTLER (APPELLEE)        LIEU T. VO CLARK (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053